UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERRENCE MCDONALD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-00519-TWP-HBG |
| | ) | |
| DARREN SETTLES, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On December 7, 2017, the Court denied Petitioner's motion for leave to proceed *in forma pauperis*, and ordered Petitioner to pay the $5.00 filing fee within thirty days of entry of the Court's Order [Doc. 3]. Petitioner was advised that "if he fails to timely pay the filing fee, the Court will assess the filing fee and dismiss this action for want of prosecution and for failure to comply with Court orders" [*Id.* at 2].

More than thirty days have passed, and Petitioner has failed to pay the filing fee or otherwise respond to the Court's Order. Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a

federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court examines four factors when considering dismissal under Rule 41(b):

(1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to respond or comply can be attributed to his own willfulness or fault. Petitioner failed to pay a $5.00 filing fee, despite being instructed by the Court that a failure to do so could result in the dismissal of his case. Petitioner has also failed to keep the Court aware of his current address, as the Court's Order was returned as undeliverable [Doc. 4]. The Court then resent the Order with Petitioner's TDOC inmate number attached. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. "Pro se status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law." *Thorpe v. Ragozzine*, No. 1:07-cv-155, 2008 WL 1859878, at *1 (E.D. Tenn. Apr. 23, 2008) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). Accordingly, the Court finds that the first factor weighs in favor of dismissal.

The second factor does not weigh in favor of dismissal; as the Respondents have not been served, they have not been prejudiced by the delay. However, the third factor clearly weighs in favor of dismissal, as Petitioner has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure. Finally, the Court finds that

alternative sanctions would not be effective.  The Court provided Petitioner with an opportunity to pay the filing fee, and placed him on notice that his failure to do so would be grounds for dismissal.  Petitioner has failed to respond to the Court's Order, despite it being re-sent to him.  Therefore, the Court concludes that, in total, the factors weigh in favor of dismissal of Petitioner's action with prejudice pursuant to Rule 41(b).

Accordingly, this action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, for want of prosecution.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (recognizing the court's authority to dismiss a case *sua sponte* for lack of prosecution); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Fed. R. App. P. 24.  Therefore, should Petitioner file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

 _s/ Thomas W. Phillips_____
 Senior United States District Judge